**Abatement Order filed December 23, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00601-CR

_____

**CASIMIR EME-ODUNZE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 6**
**Harris County, Texas**
**Trial Court Cause No. 1878875**

## ABATEMENT ORDER

The reporter's record in this case was due **August 18, 2014**. *See* Tex. R. App. P. 35.1. On **August 18, 2014**, this court granted court reporter **Patricia Palmer's** motion for extension of time to file the record until **September 18, 2014**. On **September 18, 2014**, this court granted the court reporter's second motion for extension of time to file the record until **October 20, 2014,** with the notation that no further extensions would be granted absent exceptional circumstances. The

reporter's record was not filed. On **November 11, 2014**, this court ordered the court reporter to file the record within 30 days, and instructed the court reporter that if the record was not filed, the court would order the trial court to conduct a hearing to determine the reason for failure to file the record. The record has not been filed with the court, and the court reporter has not filed a further request for an extension of time or any other response to this court's order.

The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *See* Tex. R. App. P. 35.3(c). "The trial court must help ensure that the court reporter's work is timely accomplished by setting work priorities." Tex. R. App. P. 13.3. Because the reporter's record has not been filed timely as ordered, we issue the following order.

We direct the judge of **Harris County Criminal Court at Law No. 6** to conduct a hearing at which the court reporter, appellant's counsel, and counsel for the State shall participate to (a) determine the reason for failure to file the record; (b) establish a date certain when the reporter's record will be filed, and (c) make findings as to whether the court reporter should be held in contempt of court for failing to file the reporter's record timely as ordered. We order the court to have a record of the hearing, in the form of a reporter's record, prepared. The court shall make findings of fact and conclusions of law, and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court **within 30 days** of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or

the court may reinstate the appeal on its own motion. If the court reporter files the record prior to the date set for the hearing, the appeal will be reinstated and the trial court need not hold a hearing.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Boyce and McCally.